IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNY J. LITTLEFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:12-cv-578-MEF |
| ) | (WO – Do not publish) |
| ROCK-TENN SOUTHERN ) | |
| CONTAINER, LLC, **)** | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiff's Motion to Remand (Doc. #5) and Defendant's Memorandum in Opposition to Plaintiff's Motion to Remand (Doc. #8). For the reasons set forth below, the Court finds that Plaintiff's Motion to Remand is due to be DENIED.

**I. PROCEDURAL BACKGROUND**

On January 7, 2010, Plaintiff Johnny Littlefield ("Mr. Littlefield") allegedly slipped and fell on an iced-over sidewalk at a facility owned by Defendant Rock-Tenn Southern Container, LLC ("Rock-Tenn") in Murfreesboro, Tennessee. Mr. Littlefield brought negligence and wantonness claims against Rock-Tenn Services, Inc. ("Rock-Tenn Services") in the Circuit Court of Barbour County, Alabama on January 5, 2012, seeking compensatory and punitive damages for his injuries and his inability to continue his employment. Rock-Tenn Services filed an answer and a motion to dismiss in state court, arguing that it did not own the facility at issue and that the correct defendant to the action was likely Rock-Tenn.

Plaintiff filed an amended complaint in state court on June 5, 2012, which identified Rock-Tenn as the correct defendant in the action. On July 3, 2012, Rock-Tenn filed a Notice of Removal in this Court. (Doc. #1.) More than two months later, Mr. Littlefield filed a motion to remand. (Doc. #5.)

## II. LEGAL STANDARD AND ANALYSIS

The parties do not dispute that the Court has jurisdiction over this action.[1] Mr. Littlefield instead takes issue with the procedural propriety of removal, claiming that Rock-Tenn filed its notice of removal too late. Rock-Tenn responds that its notice of removal was timely and counters that Mr. Littlefield's motion to remand is due to be denied because it was filed out of time.

**A.     The Remand Standard**

Federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As a result, they only have the power to hear cases over which the Constitution or Congress has given them authority. *See Kokkonen*, 511 U.S. at 377. Congress has empowered the federal courts to hear a case removed by a defendant from state to federal court if the plaintiff could have brought the claims in federal court originally. *See* 28 U.S.C.

---

[1] After an independent inquiry, the Court finds adequate grounds for subject-matter jurisdiction based on diversity. *See* 28 U.S.C. § 1332(a) (requiring complete diversity and an amount in controversy that exceeds $75,000, exclusive of interest and costs).

§ 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  To accomplish a successful removal, the removing defendant bears the burden of showing that a district court has subject-matter jurisdiction over an action.  *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (placing burden of establishing federal jurisdiction on the defendant seeking removal to federal court).  And although the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear, *see Burns*, 31 F.3d at 1095, "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).

**B.     The Removal Statutes**

The removal statute, 28 U.S.C. § 1441(a), allows a defendant to remove an action from state to federal court if the plaintiff could have originally brought his claim in federal court.  The statute governing the procedural propriety of removal, 28 U.S.C. § 1446(b), allows for two types of removable actions: (1) those removable on the basis of an original pleading, and (2) those that later become removable upon receipt of "a copy of an amended pleading, motion, order or other paper." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 (11th Cir. 2007) (citing 28 U.S.C. § 1446(b)).  In both types of cases, "a defendant must remove within thirty days of receiving the document that provides the basis for removal." *Id.*

28 U.S.C. § 1447(c) governs the procedure a plaintiff must follow after a notice of removal under 28 U.S.C. § 1446(a) is filed.  That statute provides that a motion to remand based on a defect other than lack of subject-matter jurisdiction must be made within thirty

3

days after the notice of removal is filed. 28 U.S.C. § 1447(c). Because "[u]ntimeliness of removal is a procedural, instead of a jurisdictional, defect," *In re The Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997), petitioning for removal outside of the thirty-day period is a defect in removal procedure that may be waived by a failure to timely file a motion for remand. *Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 781 n.1 (11th Cir. 1989).

**C.     Analysis**

Mr. Littlefield contends that Defendant Rock-Tenn was served with his original state court complaint on January 15, 2012, and thus, Rock-Tenn's notice of removal is untimely because it was filed outside of §1446(b)'s thirty-day window.[2] Rock-Tenn argues that the time for filing its notice of removal did not begin running until it was served with Mr. Littlefield's amended complaint on or about June 5, 2012, which added it as the proper party to the action. Rock-Tenn further argues that Mr. Littlefield's motion to remand should be denied as untimely, because he did not file the motion until September 7, 2012, sixty-six days after Rock-Tenn filed its notice of removal.[3]

As an initial matter, Mr. Littlefield's motion to remand is due to be denied for its

---

[2] Mr. Littlefield argues that the amended complaint, which was filed on June 5, 2012, was only filed to identify the correct defendant, Rock-Tenn, contending that Rock-Tenn was formerly known as Rock-Tenn Services. (Doc. #5, at ¶ 8.)

[3] Mr. Littlefield's counsel argues that he was not admitted to practice before this Court until August 22, 2012, and that he was assured that his deadline for filing a "responsive pleading" would not begin running until his date of admission. However, counsel never filed a motion for extension of the motion to remand deadline with the Court, and the Court lacks any information regarding counsel's claim. Moreover, the Court is aware of no authority that supports counsel's assertion that he is entitled to an extension of the remand deadlines because of the delay in his admission absent a motion for extension of the deadline.

untimeliness. To be timely, a motion to remand based on an alleged defect in removal procedure must be filed within thirty days of the notice of removal. 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). In this case, Mr. Littlefield filed his Motion to Remand on September 7, 2012, more than thirty days after Rock-Tenn filed its Notice of Removal on July 3, 2012. Because Mr. Littlefield's only basis for the motion to remand was a procedural defect, by filing the motion to remand outside of the thirty-day period provided in § 1446(a), Mr. Littlefield waived his right to assert procedural defects in Rock-Tenn's removal of this matter. The motion to remand is, therefore, due to be denied.

Furthermore, the Court finds no merit in Mr. Littlefield's argument that Rock-Tenn's notice of removal was untimely. This argument is based on the incorrect assertion that Rock-Tenn was served with the state court complaint on January 15, 2012, and thus, the time for filing a notice of removal was long-expired by the time Rock-Tenn filed its notice of removal in this Court. But Rock-Tenn was not served with Mr. Littlefield's complaint until June 5, 2012, at the earliest, when Mr. Littlefield amended his complaint and added it as the correct party to the action. In its response to the motion to remand, Rock-Tenn asserts that it is, and has always been, a separate legal entity from the original defendant, Rock-Tenn Services. (Def.'s Resp., at 11, Doc. #8.) In support of this position, Rock-Tenn submitted the Declaration of Christopher Berg, Assistant General Counsel for Rock-Tenn Company and its various subsidiaries, including Rock-Tenn Services and Rock-Tenn, in which Mr. Berg

avers that the two companies are separate. (Decl. of Christopher Berg, Doc. #8-1.) Mr. Littlefield chose not to file a reply with supporting evidence to counter Rock-Tenn's contention that Rock-Tenn and Rock-Tenn Services are separate legal entities.

In holding that a named defendant's time for filing a notice of removal does not begin running until formally served with the complaint, the Supreme Court acknowledged the bedrock principle that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* at 350. Because Rock-Tenn did not become a party to this action until June 5, 2012, at the earliest, the Court finds that its notice of removal, filed on July 3, 2012, was timely.

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion to Remand (Doc. #5) is DENIED.

DONE this 3rd day of July, 2013.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE